UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

CALVIN A. LONG,
         *Defendant-Appellant.*

No. 01-4349

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-97-16)

Submitted: August 20, 2001

Decided: September 10, 2001

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Daniel R. Beiger, COPELAND, MOLINARY & BIEGER, P.C.,
Abingdon, Virginia, for Appellant. Ruth E. Plagenhoef, United States
Attorney, Rick A. Mountcastle, Assistant United States Attorney,
Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin A. Long appeals the district court's revocation of his supervised release term and its imposition of a fifteen-month prison sentence, based upon Long's violation of the terms and conditions of his supervised release. Long's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether Long's good faith belief in his cause would constitute a defense in a revocation proceeding, but concluding that there are no meritorious issues for appeal.

Long was convicted in April 1998 of attempting to damage or destroy an interstate pipeline facility, in violation of 49 U.S.C. § 60123(b) (1994), and sentenced to six months imprisonment followed by three years of supervised release. Long completed his term of imprisonment and began his term of supervised release on April 14, 2000.

On May 2, 2001, the district court held a hearing to determine whether Long's supervised release should be revoked based on his violations of the conditions of his release. Specifically, Long had been convicted in state court of criminal contempt and sentenced to two six-month prison sentences, to be served consecutively. The convictions both arose out of Long's refusal to comply with court orders concerning a longstanding property dispute with a neighbor. Based on this evidence, the district court found that Long had violated his supervised release by violating state law and sentenced him to fifteen months imprisonment. Long appeals.

This court reviews the district court's decision to revoke a defendant's supervised release for an abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (1994). Because the evidence was sufficient to establish that Long violated the terms of his supervised release, we find no abuse of discretion in the district court's decision to revoke his supervised release.

In his supplemental pro se brief, Long argues that the underlying state court orders violated his property rights and, therefore, he was justified in ignoring them. However, there is no good faith defense in a supervised release revocation proceeding.

Pursuant to *Anders*, this court has reviewed the record for potential error and has found none. Therefore, we affirm the district court's order revoking Long's supervised release and imposing a fifteen month sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*